

STEVEN BROWER (SBN: 93568)
BUCHALTER NEMER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
Email: sbrower@buchalter.com

Attorneys for Plaintiff

FILED
2009 DEC -8 AM 10:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JOYMAX CO., LTD,

Plaintiff,

vs.

GRZEGORZ GRYCUK, ECSRO, ECSRO.NET, GOLD SOLD, GOLDSOLD.PL and DOES 1-10, Inclusive,

Defendants.

Case No. SACV09-1432 RNB

**COMPLAINT FOR:**

**1) INFRINGEMENT OF COPYRIGHT;**

**2) FALSE ADVERTISING;**

**3) INFRINGEMENT OF TRADEMARK;**

**4) THEFT OF TRADE SECRETS.**

## JURISDICTIONAL ALLEGATION

1. This action, and specifically the First Claim thereof, arises under the Copyright Act and this court therefore has exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1338. This action, and specifically the Second and Third Claim thereof, arise under the Lanham Act and this court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. The remaining claim, which arises out of certain common facts, is brought before this Court pursuant to 28 USC § 1367 in order to avoid a multiplicity of actions between the parties.

3. As more fully set forth below, the Defendants have undertaken commercial activity, and acts of infringement and false designation of origin which are directed to citizens of the United States including those within this District, in which the plaintiff maintains its United States Headquarters, through a wholly-owned subsidiary.

## GENERAL ALLEGATIONS

4. Plaintiff Joymax Co., Ltd. ("Joymax") is, and at all times mentioned herein was a corporation, existing under the laws of the Country of South Korea, with its principal place of business in South Korea. Joymax has a wholly-owned subsidiary, Joymax Entertainment, Inc. which has been a California corporation since 2006 and which has a principal place of business in the Southern Division of the above-entitled Court.

5. Joymax is informed and believes that, at all times relevant herein, defendant Grzegorz Grycuk ("Grycuk") was an individual residing in the Country of Poland.

6. Joymax is informed and believes that, at all times relevant herein, defendants ECSRO, ECSRO.NET, GOLD SOLD and GOLDSOLD.PL were business entities of unknown composition, possibly existing under the laws of the Country of Poland, or, more likely, were fictitious business names of Grycuk.

7. Joymax is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Joymax will amend the complaint to allege the true names and capacities of the DOE defendants when Joymax ascertains such names and capacities.

8. Joymax is an entertainment company primarily involved with computer games. Within the past two years, based in part on the reputation it has built over an extended period to time, Joymax became a public company.

9. The premier property developed, owned, marketed and operated by Joymax is an online multi-player game known as Silkroad Online (hereinafter "SRO"). SRO has, as a result of the efforts of Joymax, become a very popular online computer game with a reputation for quality and innovation. Customers can download the "user" portion of the software to their own computers, but only after they agree to certain terms and conditions, including a license agreement which contains various limitations and restrictions. They can then use the software on their computer to connect, through the internet, to computers operated by and/or on behalf of Joymax (referred to as the "servers"), which run separate and distinct software which allows customers to create characters, gain experience through battles and exploration of the simulated "world," accumulate various "equipment" and "treasure" while interacting with other real life players in locations around the world including, but not limited to, a substantial user base in the United States.

10. Joymax has invested substantial time and effort in the development of SRO. Over the past seven years Joymax has spent in excess of $10 million to develop, market and support SRO to become a commercially successful product. While customers are provided (under a limited license agreement) with a copy of the object code for the SRO user software, Joymax does not release the source code for the SRO user software, and does not release the source code or the object code of the SRO server software to any other party outside of Joymax, except where commercially necessary, and in those instances Joymax obtains written confirmation of its exclusive ownership rights. The SRO "server" software remains an unpublished work subject to copyright protection, trade secret protection, and it is the actual property of Joymax.

11. Joymax is informed and believes that within the past three years the defendants, without any authorization and without any belief, good faith or otherwise, that they had any right, title or interest in the source code, illegally stole the source code for the "server" software from Joymax. Joymax is further informed

and believes that such theft was accomplished by the use of the internet, including the use of computer and communication equipment located with the United States.

12. Defendants, having stolen the genuine source code, currently make their own version of the "server" software available for use by customers around the world, including the United States. The game software is located on a website which currently uses the address www.ecSRO.net. Joymax is informed and believes that the domain name was selected to reflect "**E**uropean **C**ommunity **S**ilk **R**oad **O**nline."

13. The current "domain name registrar" for www.esSRO.net is NetArt. According to the whois data available from NetArt the owner of that registration is defendant Grzegorz Grycuk through a company named Gold Sold.

14. Plaintiff is informed and believes that Defendants have also utilized a similar business model to monetize their version of Silkroad Online. That is, customers can play the pirated game without making any payment. However, if customers want better access to the pirated game (through servers which are faster and/or less congested), or if they want certain enhanced weapons. clothing or other game items, they can purchase such enhanced access or "silk" or "gold," which can be utilized as payment within the game, for the enhanced services and items. In order to purchase the enhanced access or "silk" or "gold" customers must access a website which currently uses the address www.goldsold.pl. The items sold on the GoldSold website, for use with the pirated game, work only with the pirated game and not with the genuine version offered by Joymax. In order for the items sold by GoldSold to work with the ECSRO game there must necessarily be a close commercial relationship between those websites, which is further evidence of common purpose and common control. For example, when GoldSold collects money, in exchange for "silk," the "silk" will only work on ECSRO if the sale of the "silk" is recognized within the ECSRO database.

15. The current "domain name registrar" for www.goldsold.pl is also NetArt. According to the whois data available from NetArt the owner of that registration is an individual identified by the "secured identity" of nta261502. Plaintiff is informed and believes that nta261502 is defendant Grzegorz Grycuk.

16. However, Joymax has never authorized defendants to utilize the software, the trademarks or any other aspect of the business of Joymax in the business of the defendants.

17. Joymax is informed and believe that many of the defendants' paying customers are located in the United States. Further, adding insult to injury, defendants advertise this software as "Silkroad Online" and utilize pictures and other artwork which is intended to confuse, and which does actually confuse customers and potential customers.

18. Because the "characters" and their "possessions" are accumulated on the "server" side, and not on the customers computer, a customer who uses the server operated by defendants, must continue to use the defendant's illegal and unauthorized server if they wish to continue to play the game and to benefit from the time they have previously invested in gaining "experience" for their online character and in accumulating rewards within the game.

19. While any such notification would not be sufficient to avoid liability hereunder, it should be noted that the websites utilized by defendants make no effort to indicate that they are not affiliated with Joymax.

20. Moreover, the websites, software and other business practices utilized by defendants, using the trademarks and software stolen from plaintiff, are inferior in quality to those of Joymax which, therefore, is likely to cause users to believe that the genuine version of SRO is a similarly poor product.

21. Many customers, and potential customers of Joymax, are familiar with the marks "Joymax" and "Silkroad Online." Plaintiff, on or about August 21, 2009, in order to ensure the appropriate legal protection for those trademarks filed

applications with the United States Patent & Trademark Office ("USPTO") for the trademarks "Joymax" (Application 77810598) and "Silkroad Online" (Application 77810596). Those applications are presently pending before the USPTO.

22. One of the important features of any successful online game is stylized artwork for the characters and the environment, which, while subject to regular and varied changes and updates, continues the use of certain themes and recognizable trademarks in order to encourage continuing customer interest in the game. Here, one of the opening screens for Silkroad Online, which appears on the Joymax.com website, is currently portrayed as shown below, with a prominent use of "Silkroad Online" in the upper left hand corner:




23. By way of comparison, the top potion of the webpage www.ecSRO.net also refers to Silkroad Online, which is an offer of the game which was stolen from Joymax. It also uses the designation "Private Server" which is intended to imply that the ECSRO version is somehow authorized, even though it is not. The top of that page looks as follows:




**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement Against All Defendants)**

24. Plaintiff hereby realleges, and incorporates by this reference as though fully set forth herein, Paragraphs 1 through 23, inclusive, of this complaint.

25. On October 30, 2009, the United States Copyright Office issued a registration to Joymax for the Silkroad Online Server Software, an unpublished computer program, Registration Number TXu 1-621-282.

26. The Online Server Software constitutes copyrightable subject matter. Defendants have infringed Plaintiff's exclusive rights under copyright. Defendants' acts of infringement, which Joymax is informed and believes were obtained by outright theft, were willful, in disregard of, and with indifference to Plaintiff's rights under copyright.

27. Joymax is informed and believes, and therefore alleges, that substantial portions of defendants' initial unlawful acquisition of the software, and defendants subsequent unlawful use, including distribution to and use by a significant number of customers within the United States. This was, at least in part, due to the fact that citizens of the United States are known to have a level of discretionary spending which allows for successful online gaming business ventures.

28. Joymax has sustained and will continue to sustain irreparable injury for which there is no adequate relief at law. This is particularly true because defendants, with a world-wide business, which collects substantial revenues from customers within the United States, are located in another country. Joymax is entitled to preliminary and permanent injunctive relief against the defendants

prohibiting the distribution, use or performance of the SRO software by defendants within the United States.

29. The assignment of internet addresses, such as www.ecSRO.net, are controlled by the regulations of ICANN (Internet Corporation for Assigned Names and Numbers). All domain name registrars, such as NetArt, which is the domain name registrar which currently holds the registration for www.ecSRO.net, are required to comply with lawful court orders regarding the assignment of domain names. Joymax, as the only legitimate provider of server software for customers to play Silkroad Online, would allege that it is entitled to have the domain name of www.ecSRO.net (not the business behind the domain name, just the domain name itself) transferred to Joymax which, as the registered owner, would then have the ability to receive all customer communications attempting to play Silkroad Online and to obtain the value of those customers interest in the game.

30. Joymax, in the alternative, seeks damages against defendants, either based on statutory damages or, in the alternative based on profits unfairly gained by defendants or profits lost by plaintiff in an amount to be determined subject to proof, but which Joymax alleges is no less than $500,000.

31. Joymax will also seek attorney's fees and costs as the prevailing party pursuant to 17 USC § 505.

## SECOND CLAIM FOR RELIEF

**(False Advertising)**

32. Plaintiff hereby realleges, and incorporates by this reference as though fully set forth herein, Paragraphs 1 through 23, inclusive, of this complaint.

33. The goods and services provided by defendants are similar to those offered by Joymax, and they are marketed to the same types of customers for the same purposes as the services of Joymax. They are prepared and marketed in a manner which is likely to cause confusion, mistake or deceit as to whether those

services are obtained from or are authorized by Joymax, and particularly whether the quality is similar to that offered by Joymax.

34. However, defendants goods are not actually provided by Joymax and they do not have the same capabilities and qualities as those authorized by Joymax.

35. Defendants acts constitute unfair competition and false designation of origin as to services made available by Defendants which is therefore a false and misleading representation under Section 43(a) of the Lanham Act, 15 USC § 1225(a).

36. Defendants acts, as complained of herein, have and will continue to cause irreparable harm to Joymax. Joymax, will therefore request the same relief, on the same basis, as set forth in paragraphs 28 and 29, which are incorporated herein by reference.

37. Joymax will seek damages against defendants in an amount to be determined subject to proof, but which Joymax alleges is not less then $500,000.

**THIRD CLAIM FOR RELIEF**

**(Infringement of Trademark)**

38. Plaintiff hereby realleges, and incorporates by this reference as though fully set forth herein, Paragraphs 1 through 23, inclusive, of this complaint.

39. The services provided by the defendants are substantially similar to those provided by to consumers by Joymax.

40. Defendants' offers of services, and provisions of services, are done in a manner which is intended to, and which does cause, confusion, mistake and deceit among consumers.

41. Unless enjoined by this Court the defendants will continue to infringe the trademarks of plaintiff and will continue to cause irreparable harm to plaintiff.

42. Joymax will seek damages against defendants in an amount to be determined subject to proof, but which Joymax alleges is not less than $500,000.

## FOURTH CLAIM FOR RELIEF

**(Theft of Trade Secrets)**

43. Plaintiff hereby realleges, and incorporates by this reference as though fully set forth herein, Paragraphs 1 through 23, inclusive, of this complaint.

44. The source code of the Silkroad Online Server was an unpublished work which was maintained by Joymax in a manner which clearly indicated, to any party acting in good faith, that the source code was confidential to, proprietary to, and a trade secret of Joymax.

45. Joymax has invested over $10 million in the development, marketing and distribution of the Silkroad Online game, with the intention to obtain a significant commercial advantage through the use of those trade secrets which are not known to others.

46. Joymax is informed and believes, and therefore alleges, that defendants, working alone or in concert with others, surreptitiously, and without authorization, obtained a copy of the Silkroad Online Source code and have used such source code to create and continue the business of the defendants.

47. The theft of such trade secrets was willful and was undertaken with the intention to deprive Joymax of those trade secrets for the commercial benefit of defendants.

48. Joymax has been damaged by such actions in an amount which will be proven at time of trial, but which Joymax believes to be in excess of $1,000,000.

WHEREFORE, Joymax prays as follows:

1. For damages, according to proof.

2. For a preliminary and permanent injunction enjoining Defendants' from retaining any copies of the stolen software, undertaking any acts which would constitute infringement of copyright, undertaking any acts which would constitute infringement of trademark, undertaking any acts of false advertising and engaging in any business which is intended to compete with Plaintiff in an manner which is

unlawful or in violation of the terms and conditions under which Joymax offers access to customers.

3. For an order issued to the domain name registrar then responsible, under the ICANN regulations, for the assignment of the www.ecSRO.net domain name, to reassign that domain name to Joymax using whatever domain name registrar is selected by Joymax.

4. For costs of suit and, where legally proper, attorney fees.

DATED: November 26, 2009

BUCHALTER NEMER
A Professional Corporation

By:____________________
STEVEN BROWER
Attorneys for Plaintiff
Joymax Co., Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL
## (MAGISTRATE JUDGE CIVIL CONSENT PILOT PROJECT)

***The court has directed that the following rules be specifically called to your attention:***

I. Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 08-09].
II. Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
III. Service of Papers and Process (Local Rule 4)

## I. NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE

***Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.***

This case has been randomly assigned to Magistrate Judge Robert N Block under the Civil Consent Pilot Project in accordance with General Order 08-09. The case number on all documents filed with the court should read as follows: **SACV09-1432 RNB**

The parties are advised that they may consent to have the assigned magistrate judge conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The parties may consent to proceed only before the assigned magistrate judge.

**The parties are further advised that they are free to withhold consent without adverse substantive consequences. If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. For cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 30 days after service of the summons and complaint upon that defendant, and within 30 days by plaintiff after service upon the first-served defendant.**

**For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 11 days after the notice of removal is filed.**

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time

required by Local Rule 73-2, the case shall be randomly reassigned to a district judge and a magistrate judge shall be randomly assigned to the reassigned case as the discovery judge.

You may contact the Civil Consent Case Coordinator at (213) 894-4446 or *consentcoordinator@cacd.uscourts.gov* if you have any questions about this new Pilot Project.

## II. CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1 states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## III. SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4(I). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

Steven Brower (SBN: 93568)
Buchalter Nemer
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Phone: 714-549-5150
Fax: 949-224-6410
Email: sbrower@buchalter.com
Attorneys for Plaintiff Joymax Co., Ltd.

ORIGINAL

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOYMAX CO., LTD. PLAINTIFF(S) v. GRZEGORZ GRYCUK, ECSRO, ECSRO.NET, GOLD SOLD, GOLDSOLD.PL and DOES 1-10, inclusive. DEFENDANT(S). | CASE NUMBER **SACV09-1432 RNB** |
| | **SUMMONS** |

TO:DEFENDANT(S): GRZEGORZ GRYCUK, ECSRO, ECSRO.NET, GOLD SOLD, GOLDSOLD.PL

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Steven Brower, whose address is Buchalter Nemer, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC - 8 2009

By: [signature]
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*



American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Joymax Co., Ltd.

**DEFENDANTS**
Grzegorz Grycuk, ECSRO, ECSRO.NET, GOLD SOLD, GOLDSOLD,PL and DOES 1-10, inclusive

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Steven Brower (SBN 93568)
Buchalter Nemer
18400 Von Karman, Suite 800
Irvine, CA 92612
Telephone: (714) 549-5150

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** 1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright (28 USC 1338), False Advertising and Trademark (28 USC 1338)

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **SACV09-1432 RNB**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**


American LegalNet, Inc. www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): ____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): ____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Office of wholly-owned subsidiary in Orange County | South Korea |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Poland |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All counties as a result of internet activity | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 12/7/09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |



American LegalNet, Inc.
www.FormsWorkflow.com