STEVEN BROWER (SBN: 93568)
BUCHALTER NEMER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
Email: sbrower@buchalter.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYMAX CO., LTD, <br><br>            Plaintiff, <br><br>     vs. <br><br> GRZEGORZ GRYCUK, ECSRO, ECSRO.NET, GOLDSOLD, GOLDSOLD.PL and DOES 1-10, Inclusive, <br><br>            Defendants. | Case No. SACV09-1432 (RNB) <br><br> **RESPONSE TO OSC RE: DISMISSAL (GOLDSOLD AND GOLDSOLD.PL) INCLUDING REQUEST FOR DISMISSAL WITHOUT PREJUDICE AS TO GOLDSOLD AND GOLDSOLD.PL AND REQUEST FOR CONTINUANCE OF SCHEDULING CONFERENCE** |

Plaintiff Joymax Co., Ltd. hereby submits its response to the OSC re: Dismissal for Lack of Prosecution (Docket #20)[1] and to the Order re: Scheduling Conference (Docket #21) as follows:

    1.    Plaintiff attempted to serve all defendants, in the country of Poland, using the "formal" methods provided under the Hague Convention. Those methods are technical and, unfortunately, somewhat difficult to control because: a) there are language issues; b) the service of process is controlled by a foreign governmental agency which, in our experience, is not subject to the same level of communication and control which would exist with a private process server in the United States.

---

[1] The OSC called for response no later than October 8, 2010. The undersigned personally failed to properly calendar this item and apologizes to the Court for this late filing.

2.  Based on documentation which we received, and which we provided to the Court, this Court has recently directed the clerk to enter the default of defendants Grzegorz Grycuk, ECSRO and ECSRO.NET and the Clerk has duly entered the default of those parties.

3.  We have been notified by the Polish authorities that service was <u>not</u> effected on Goldsold and Goldsold.pl.  Plaintiff is informed and believes that service on the individual, Grzegorz Grycuk, should have been sufficient to constitute service on those entities.  However, rather than attempting to prove such matter, in the interest of having a "clean" record, and because judgment against the individual and the entities whose defaults have already been entered is likely to be sufficient for plaintiff's purposes, **Plaintiff hereby requests that the Court dismiss this action, without prejudice, ONLY as to Goldsold and Goldsold.pl**.

4.  This Court also (Docket #21) continued the Scheduling Conference to October 25, 2010, noting that the Scheduling Conference will be taken off-calendar if the Request for Default Judgment as to the other defendants is filed by October 22, 2010.  However, counsel for plaintiff will be on vacation from Wednesday, October 13, 2010 through Thursday, October 28, 2010, and must obtain supporting affidavits from individuals located in South Korea (the Plaintiff's headquarters location).  Therefore, **Plaintiff hereby requests that the Court continue the Scheduling Conference to a date in mid- or late-November**, with the understanding that the Application for Entry of Default Judgment will be filed prior to that time.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: October 10, 2010 | BUCHALTER NEMER<br>A Professional Corporation |
| 3 | | |
| 4 | | |
| 5 | | By: /s/ |
| 6 | | STEVEN BROWER |
| 7 | | CAROL A. DWYER<br>Attorneys for Plaintiff |
| 8 | | JOYMAX CO., LTD |